May it please the court, counsel, and Mr. Vasquez-Cruz. I speak for Mr. Vasquez-Cruz here. My name is Michael Kennedy. There are two heirs briefed. I can't hear you. I'll get closer to the microphone, Judge. Can you hear me now? Yes. All right. There are two heirs that are briefed. One procedural and one substantive. Effective November 1, 2010, the Sentencing Commission came down on a split in the circuits. The split was, prior to that, this court in United States v. Muhammad had a two-step approach to sentencing. It would look at the calculation of the guidelines, chapters 2, 3, and 4. Then it subsumed departures under chapter 5 under reasonableness of the sentence, under the 3553 factors. Now, I looked really carefully at our opinion of Muhammad, in particular, and exactly what the Sentencing Commission had said, because we're very careful about overruling our precedent. It has to be irreconcilable. When I looked at Muhammad, it didn't say anything about what the district court should do. It just talked about what our responsibility was on appeal and reviewing on appeal. Whereas the Sentencing Commission appeared to me to be aimed specifically at, here's what the district court should do. So it wasn't clear to me why that language would affect our obligation to comply with Muhammad. Maybe you can point me to language in the Sentencing Commission that would be irreconcilable with what we said in Muhammad. I don't know that it's irreconcilable, but the Seventh Circuit had said that, after the line of cases that declared the guidelines advisory, that departures were now obsolete. Then in a line of cases, the first, second, third, fourth, fifth, sixth, eighth, and tenth disagreed with that. So to the extent that Muhammad was read that departures were now obsolete, I think it's irreconcilable. And that's where the problem came up in this case. Didn't the Seventh Circuit, going on after the Sentencing Commission, say that only affects district courts? Exactly what I was saying here, and for purposes of appellate review, we're going to continue not reviewing whether the district court ordered in its departure decision? I think that was, I've lost the name of the case, Guitry, something like that?  Gaitin. They may have, but what changed in terms of the guideline was the Amendment 741. Previously, 1B1.1, which is the guideline that tells anyone how to use that guideline, had a nine-step approach in Subpart A, as the district court going through for procedural reasonableness. Then they changed that and put in, A became an eight-step approach, and then they created a new Section B and a new Section C. In Section B, they said the court shall consider departures. But that's the district court, right? It doesn't say anything about appellate review. And that's where the error was by the district court here in this case. In procedurally applying the guidelines, it did not go through cultural assimilation and mental retardation or diminished capacity. But how does that, how does that coalesce with our case law? We have quite a bit of it that says the district court doesn't have to tick off every objection or every argument made by the defendant for a reduction. How, that would wipe out a whole line of cases that we have. Well, he must consider the guideline itself, just like if the court, if we were talking about a specific offense characteristic or a base offense level, the court actually has to rule on that. Here, the only thing that the district court said was it was not outside the heartland. But our cases say that the district court doesn't have to necessarily elucidate its ruling. If the argument is made by the defendant and not accepted by the court, we assume that the court has considered it. So what do we do with that line of cases in view of your argument? Well, I believe what we do with it is with respect to departures, we look at whether the court was clear that that was part of the guideline sentencing. And here, I don't think the court was. It jumped back and forth between variances and departure. And now it's very fundamental before we get to a variance to properly calculate the guideline. That would include, as 1B1.1 now says, the court shall consider parts chapter 5, part H, and part K. Well, even if on appellate review, notwithstanding Mohamed and there's Tankersley and Ellis, there's just several cases that say we don't review whether the district court determined departures correctly. But assuming we find a way to put that aside, the district court here did reference departures, said there wasn't any basis for one, and since we're looking at plain error, correct, why is that plainly erroneous? Why is that plain error? I apologize. I don't believe it's plain error because I think the departures were argued. And so it wasn't plain, it was error by the district judge. It certainly, we're not reviewing it on a plain error standard here because it was argued as a basis of a departure. It was argued as a variance under the reasonableness. The factual basis for this is we're talking about an eight-year-old man, excuse me, eight, I apologize, a person who came here when he was eight with an IQ of 69 who Dr. Padilla from Stanford University said, like a homing pigeon, he comes back because he cannot function in Mexico. He has no family and he cannot function there. Dr. Mahaffey went on to say that because of his low IQ and other factual issues, he could not function in Mexico. So that was the factual basis for why a guideline sentence without first calculating departures or looking at the substantial reasonableness of the sentence was in error. One can also note that Mr. Vasquez didn't raise the departure issue before the district court. Is that incorrect? That he didn't- That is incorrect, because he said he, what- Did he ask for a departure? What trial counsel said was she would argue under variance the factual nature, but she objected to the fact that he was not culturally assimilated and said that he was. She objected to the fact that being mentally retarded didn't otherwise explain the crime, which is in essence diminished capacity. But this discreet argument that you're making regarding the two-step procedure was not raised. That is correct. That was correct. The lawyer who were below did not reference 1B1 directly in that argument. However, where it comes into play is that we've always looked at departures as part of the guidelines, and we know that the courts have substantially more authority and discretion under variances. But we've always looked at it as part of the reasonableness rubric. We have not segmented out the departures, the variances, and made a decision on those before we looked at the reasonableness of the sentence. So this would be a departure, if you will, from the way that we have considered the cases before. I think it's perfectly appropriate because in looking at a variance, you would look at whether there had been a departure before. So in looking at it, I think you look at both of them under subjective reasonableness. I also think procedurally it's important to apply the guidelines correctly. When the Sentencing Commission changes the language in the governing guideline from refer to chapters H and K, then does Amendment 741 and says the court shall then consider departures, and the Supreme Court in the Isseret decision drew a distinction between notice under Burns for departures, because it's part of the guideline sentence, and variances, and said if it's a departure, notice is required. Do you have any circuit court case that has adopted your view of the way we should approach the district court decision and when we consider whether or not it's reasonable? Do you have a circuit court case that has adopted your approach? Well, I believe that the circuit in the list of cases cited in Amendment 641, I believe that there is circuit court authority under the Sixth Circuit where they say that in the Fifth Circuit of the, and I'll spell it, TZEPMEJIA461FED352. This is quoted in the amendment. Post-Booker case law recognizes three types of sentences under the new advisory sentencing guideline. A sentence that includes an upward or downward departure is allowed by the guidelines, which sentence is also a guideline sentence. So the idea. That doesn't say what you're arguing. It doesn't say that the district court errs unless it specifically and discreetly incorporates this two-step approach. To answer the court's question, then I've run out of time. The three-step approach is being applied now through the guidelines. Part of that is to under. My question was, do you have a circuit court case that has adopted your argued approach and said that the district court erred if it did not specifically adopt this multi-step approach? To the extent that they, if a departure is not recognized, it's reviewed de novo, yes. And under an abuse of discretion. Okay. But I don't know that there are, the three-step approach is being applied in all these cases. I don't know that I've seen a case that said specifically with respect to a departure that it needed to come under again. All right. Thank you. We'll give you a minute for rebuttal. You've exceeded your time. Thank you. Good morning. Michael Large on behalf of the United States. Were you trial counsel for this case? Yes, I was. The district court did not err either procedurally or substantively in the sentencing of Mr. Vasquez-Cruz. For the first time on appeal, as the court indicated, they raised, the defendant raises an issue under 1.1 of the sentencing guidelines. He says that they raised it in effect. He says they raised it in effect, but in terms of the procedural aspect, they challenged the substantive reasonableness of the sentence. But they did not challenge the procedural aspect of it. The three-step process that they're now arguing that they erred on was never raised below. Before we get there, you didn't in your briefing address whether the amendment to the sentencing commission, I think it was 741, whether that abrogated our decision in Mohamed in the line of cases following that. You didn't brief it one way or the other. Does the government have a position on that? In terms of listening to the arguments and in terms of my reading of Mohamed, I don't find them irreconcilable. Mohamed has to do with appellate review of a district court decision. The sentencing guidelines spells out what the sentencing commission believes the district court should do in sentencing. Well, why didn't you brief it? Because it wasn't to the government. It was in terms of what the issues raised below and in this appeal. The Mohamed decision wasn't pertinent to it. So your argument basically was that this issue wasn't raised in the district court? So what was your response to opposing counsel's argument on appeal then in your brief? In terms of the 1.1? 1.1 was that because it wasn't raised below is plain error review. Okay. And because there was no plain error in the court's decision and that he went through cultural assimilation, diminished capacity in terms of the briefing and the arguments that were presented before the district court. But if the amendments to the guidelines dictated a particular way for the district court to proceed in applying the guidelines procedurally, why wouldn't that be plain error? It would be in terms of if it had been raised below, it would be plain error. No, no. Plain error means it wasn't raised below. Right. So if the guidelines specifically dictated a way that the district court was supposed to proceed and the district court did not do that, regardless of whether it was objected to, why wouldn't that be plain error? The government's position, and we take it in our brief, is that the district court did comply with that. So you're saying, am I understanding you correctly to say that you assumed in your brief that we could review whether the district court had correctly analyzed departures and you said that the district court had because it mentioned departures and said that they weren't applicable. Is that correct? That's correct. And why is that enough to comply, assuming that we can review that? Under your decisions in this court, in both Carter and Carty, in terms of a district court having to specifically address each and every argument raised below, this court has rejected that argument. The district court here, Judge McKibben below, specifically said that he had read the PSR, he had listened to arguments, he had read the sentencing memorandums, and the reports from the experts, which addressed all of the arguments that had been raised by Vasquez Cruz in this case, and he found that no variance or departure was necessary, and he didn't take it out of the heartland of the guidelines. And that was enough to fulfill its responsibilities to review departures, in your view? Yes, Your Honor. The district court did specifically address mental capacity. They, the quote is, he doesn't excuse his conduct, but it warrants consideration. That's from experts of Record 33 from the sentencing. The district court was very cognizant that there was an issue regarding the borderline mental retardation here. The expert report said that he had a 69 on a scale, and a 70 being the cutoff for mental retardation. The district court was very well aware of that from prior in the proceedings, when the defendant sought a continuance to have him examined. And the district court considered that argument and said that while in a typical case with his criminal history, and presented in the PSR, that he would have gotten an upward variance or a higher end departure. He considered the mental capacity and gave him a low end guideline range sentence. Counsel, going forward, do you anticipate that with the amendments to the guidelines that sentencing will be done in the exact same way under the amended guidelines? I believe they will. I think that the amended guidelines and the argument raised by counsel create a form over substance type arguments. The initial calculation of the guideline range, which has been specific, and then a determination of whether or not the departure is warranted, and then a consideration of the 3553 factors and variances under that thing. While I don't believe that the district court should be bound in terms of being regimented in those orders, but the district court should consider each and every one of those. As the Sentencing Commission said, there is still a difference between departures and variances. So I believe moving forward, the district courts are going to need to address whether departure and whether there is a variance in those particular steps. In terms of the substantive reasonableness of this case, the sole argument is that Mr. McCarty's 24-month sentence was substantially unreasonable. Mental retardation is simply not an affirmative defense to criminal conduct. The district court, contrary to defendant's position, did not have a profound misunderstanding regarding mental retardation, and nothing in the record establishes that. The district court addressed the criminal history, which was extensive on this individual, including four batteries and a felony burglary charge. But when you drill down, according to opposing counsel, when you drill down, there really wasn't that much there. He attributes it to the defendant's mental retardation. I appreciate that argument, but I don't believe that mental retardation is an affirmative offense to criminal conduct, as looked at in Atkins v. Virginia. Well, it's not a defense to it, but it certainly is one of the matters that district court can consider in looking at the seriousness of the prior criminal history. Yeah, and I believe in this case, the district court did. As I stated earlier, when the judge stated below that, based on the criminal history, he would typically have sentenced Vasquez-Cruz to a high-end guideline or consider varying upward, but because he was of his limited mental capacity, he took a totality of the circumstances and gave him a low-end guideline sentence. Accordingly, we believe the imposition of the low-end guideline was not an abuse of discretion, when it was substantively reasonable, and therefore, the United States specifically requests this court affirm the sentence below. Do you have any questions? No. Judge Pogue, do you have any questions? No, thanks. All right. Thank you, counsel. Thank you. One minute for rebuttal, please. With respect to the district court's analysis of mental retardation, in the same sentence, he said that that can be addressed by mental health counseling. Obviously, mental health counseling cannot cure someone or give them a higher I.T. It is a fact, just like someone doesn't have an arm or a leg. Counseling won't do, and so it is diminished capacity. It's not an affirmative defense to the earlier batteries, but it's a reason why those things happened. What do you say to opposing counsel's observation that the court took that into consideration by giving a sentence at the lower end of the guideline range rather than a high-end sentence? To the extent that Mr. Vasquez-Cruz met the guideline for diminished capacity on all its factors and met the guideline for cultural assimilation, I say that that decision is wrong because the guidelines tell him to depart in that situation, and it would be abusive discretion to not depart when those facts, which are as equally important as the offense level and specific offense characteristics and adjustments in Chapter 3. And I see that my time is up. Thank you. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the court. The next case on calendar for argument is Allen v. Christensen. Thank you.
judges: Hug, Rawlinson, Ikuta